Alfred S. Witherbee and Others v. Lawrence Dilworth, Impleaded, etc. — Motion denied, with ten dollars costs. Order to be settled on notice.

In the Matter of Alexander Michaelson, an Attorney.— Application denied. Order to be settled on notice.

Trustees of the Presbytery of New York v. Westminster Presbyterian Church of West Twenty-third Street.— Motion dismissed, with ten dollars costs. Order to be settled on notice.

---

## Second Department, April, 1911.

Charles R. Stevenson, Appellant, v. Minnie Stevenson, as Executrix, etc., of James A. Stevenson, Deceased, and Thomas Penders, Respondents.

*Partnership — facts constituting — evidence — extra allowance.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of Queens county on the 18th day of September, 1909, in favor of the defendants, dismissing the complaint and granting a motion for an extra allowance and costs.

Judgment modified by striking therefrom the extra allowance, and as thus modified affirmed, without costs. No opinion. Jenks, P. J., Carr and Rich, JJ., concurred; Woodward, J., read for reversal, with whom Thomas, J., concurred.

Woodward, J. (dissenting): The complaint in this action alleges that a partnership was formed on or about May 1, 1900, by and between Charles R. Stevenson, James A. Stevenson and Thomas Penders for the purpose of doing general contracting under the name of "James A. Stevenson," and that this partnership continued until April, 1907, when the defendant James A. Stevenson took possession of all of the assets, and the relief demanded is an accounting of the partnership affairs. The case was sent to a referee to hear, try and determine, the defendants having put in a specific denial of each and all the facts alleged in the complaint, and the referee not only found against the plaintiff, but recommended an additional allowance of $250 on the theory that this was a difficult and extraordinary case within the meaning of section 3253 of the Code of Civil Procedure, and such extra allowance now constitutes a part of the judgment. The plaintiff appeals from the judgment. The vital question in the case is whether there was, in fact, a partnership established as between the parties. It is conceded that the parties were together for a period of nearly seven years; that during that time many contracts were taken and performed in the name of James A. Stevenson, and that during all of that time the plaintiff and defendant Penders drew sums of money without any definite settlement, and it is the contention of the defendant that the plaintiff and Penders were merely employees, taking as their compensation one-third of the profits resulting from these various contracts aggregating hundreds of thousands of dollars, while the plaintiff insists that the arrangement between the parties was that of a copartnership. It is true that it nowhere appears in the testimony that there was